MICHIGAN UNITED LIGHT & POWER CO. *v.* VILLAGE OF HART.

1. MUNICIPAL CORPORATIONS — BONDING LIMIT — CONSTITUTIONAL LAW.

While the legislature has the power to fix a maximum rate of taxation for municipal purposes, and to restrict the right of a village to borrow money and contract debts, such power must be exercised subject to applicable provisions of the Constitution.[1]

2. SAME—STATUTES—AUTHORITY TO ISSUE MORTGAGE BONDS.

Under article 8, § 24, of the Constitution, a village incorporated under 1 Comp. Laws 1915, § 2555 *et seq.*, has authority to mortgage a public utility to the extent of its value as security for the debt incurred in financing it, and insofar as section 26, subd. *i.* Act No. 303, Pub. Acts 1925, assumes to limit the power so conferred, it is unconstitutional and void.[2]

3. SAME—CONSTITUTIONAL PROVISIONS AS TO MORTGAGE BONDS APPLICABLE WITHOUT AFFIRMATIVE ACTION ON HOME-RULE PROVISIONS.

The constitutional provision (Art. 8, § 24) authorizing

[1]Municipal Corporations, 28 Cyc. pp. 1533, 1534, 1665; [2]Id., 28 Cyc. pp. 1578, 1582.

municipal corporations to mortgage a public utility to the extent of its value as security is applicable to all cities and villages irrespective of whether affirmative action has been taken by them to adopt the home-rule provisions.[a]

Appeal from Oceana; Barton (Joseph), J., presiding.   Submitted June 30, 1926.   (Docket No. 141.)   Decided July 22, 1926.

Bill by the Michigan United Light & Power Company and others against the village of Hart and others to enjoin the construction of a lighting plant.   From a decree for plaintiffs, defendants appeal.   Reversed, and bill dismissed.

*Earl C. Pugsley* (*K. B. Matthews*, of counsel), for plaintiffs.

*F. E. Wetmore*, Village Attorney, for defendants.

McDONALD, J.   This is an appeal by the village of Hart from a decree of the circuit court of Oceana county, Michigan, restraining the village from constructing and financing a lighting plant.   The village of Hart is incorporated under the provisions of Act No. 3, Pub. Acts 1895 (1 Comp. Laws 1915, § 2555 *et seq.*).   It proposes to erect a hydro-electric plant outside of the incorporated limits of the village to supply electric current and power to its inhabitants. By a proper vote of the taxpayers it has been legally authorized to acquire, own and operate such a plant. The estimated cost is $127,500.   The plan of payment is by a municipal bond issue of $62,500, and a mortgage bond issue on the proposed utility for $65,000. These bond issues as well as the franchise proposed to be given in the mortgage have been approved by an affirmative vote of the electors.

The principal objection urged by the plaintiffs

---

[a] Municipal Corporations, 28 Cyc. p. 1578 (Anno).

against the validity of the proceedings is that the
village of Hart has no authority to issue mortgage
bonds against the utility to the amount of $65,000. It
is their claim that Act No. 303, Pub. Acts 1925, limits
the amount of such mortgage bonds to "fifty per cent.
of the amount for which such village may become in-
debted by the issue of bonds for such public utility."
In greater detail, their brief states it as follows:

"It is admitted that the amount for which the village
of Hart might become indebted by the issue of bonds
for an electric lighting proposition is five per cent. of
the assessed valuation of the village, which limit was
practically covered by its bond issue of $62,500 (the
assessed valuation of the village being $1,350,780 for
the year 1924 and $1,367,920 for the year 1925). If
the assessed valuation for the year 1925 should be used
as a basis of computation, the maximum size of the
bond issue against the utility could be only $34,198,
which would make the total funds available for the
construction of said project $96,689, as against an
estimated cost of $127,500, thereby leaving a deficit of
at least $30,802, which cannot be raised by any lawful
methods available to the said village of Hart."

The circuit judge evidently adopted plaintiffs' view
of the matter, and entered a decree restraining the
village from issuing any bonds or taking any further
proceedings to complete the project. The defend-
ants have appealed.

The question involved is: To what extent is a village
authorized to issue mortgage bonds beyond the general
limit of its bonded indebtedness prescribed by the
legislature, for the purpose of financing a public
utility? The plaintiffs say that its power is limited
by the following provision of Act No. 303, Pub. Acts
1925:

"No village shall have power to issue mortgage bonds
to be secured by a mortgage on such utility in excess
of fifty per cent. of the amount for which such village

may become indebted by the issue of bonds for such public utility."

The defendants say that the village is given unlimited power under the following constitutional provision:

"When a city or village is authorized to acquire or operate any public utility, it may issue mortgage bonds therefor beyond the general limit of bonded indebtedness prescribed by law: *Provided,* That such mortgage bonds issued beyond the general limit of bonded indebtedness prescribed by law shall not impose any liability upon such city or village, but shall be secured only upon the property and revenues of such public utility, including a franchise stating the terms upon which, in case of foreclosure, the purchaser may operate the same, which franchise shall in no case extend for a longer period than twenty years from the date of the sale of such utility and franchise on foreclosure."   Constitution of 1908, art. 8, § 24.

It will be noted that this constitutional clause places no limit on the amount of mortgage bonds which the village may issue against the utility.   It was not necessary to do so, because the limit is fixed by its value as security for the bonds.   It does not authorize the issue of bonds to be paid by taxation, except within the general limit of the bonded indebtedness as fixed by the legislature.   If necessary to go beyond the limit so fixed, authority is given to issue bonds secured by a mortgage on the utility and its revenues, providing no liability is imposed on the village.   Plainly, it was the purpose of this constitutional provision to empower a village to mortgage the utility to the extent of its value as security for the debt.   While the legislature has the power to fix a maximum rate of taxation for municipal purposes, and to restrict the right of the village to borrow money and contract debts, such power must be exercised subject to applicable provisions of the Constitution.   It cannot limit the power

granted by the Constitution or deprive the village of its benefits. Because it undertakes to do this, the legislative enactment relied on by the plaintiffs is unconstitutional. But counsel for the plaintiffs contend that this clause of the Constitution is not available to the village of Hart, because it has not by affirmative act adopted the home-rule provisions. The constitutional provision does not require any legislation to make it effective. It applies alike to all cities and villages. There is no merit in the contention.

To the extent that subdivision (*i*), section 26, of Act No. 303, Pub. Acts 1925, assumes to limit the power of villages in issuing bonds secured by a mortgage on such a utility, it is in conflict with section 24, art. 8, of the Constitution of Michigan, and is therefore invalid.

The record presents no other questions which merit discussion.

The decree of the circuit court is reversed. In harmony with this opinion, a decree will be entered in this court dismissing the plaintiffs' bill. The defendants will have costs of both courts.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.